**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4761**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

HASSAN L. RICHARDSON, a/k/a Hassi,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Chief District Judge.  (3:07-cr-00155-JFA-16)

Submitted:  June 15, 2009                  Decided:  July 9, 2009

Before TRAXLER, Chief Judge, and MICHAEL and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joshua S. Kendrick, JOSHUA SNOW KENDRICK, PC, Columbia, South Carolina, for Appellant.  Stacey Denise Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Hassan L. Richardson pled guilty to conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base ("crack"), five kilograms or more of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Richardson to 240 months in prison. Richardson timely appealed.

Richardson's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the adequacy of the Fed. R. Crim. P. 11 hearing and contending that the district court abused its discretion by denying Richardson's motion to withdraw his guilty plea. Richardson was advised of his right to file a pro se supplemental brief but he did not file one. Finding no meritorious grounds for appeal, we affirm.

While raising the adequacy of the Rule 11 hearing as a potential issue, counsel points to no error. Our careful review of the record convinces us that the district court fully complied with the mandates of Rule 11 in accepting Richardson's guilty plea and ensured that Richardson entered his plea knowingly and voluntarily and that the plea was supported by an independent factual basis. United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Turning to the district court's denial of Richardson's motion to withdraw his guilty plea, withdrawal of a guilty plea is not a matter of right. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). The defendant bears the burden of showing a "fair and just reason" for the withdrawal of his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding . . . ." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). An appropriately conducted Rule 11 proceeding, however, "raise[s] a strong presumption that the plea is final and binding." Id. at 1394.

Here, the district court applied the factors courts must consider in determining whether to permit withdrawal of a guilty plea. See Ubakanma, 215 F.3d at 424. Our review of the record convinces us that the district court did not abuse its discretion in denying Richardson's motion to withdraw. See United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007) (stating standard of review).

In accordance with Anders, we have reviewed the record for any meritorious issues for appeal and have found none. Thus, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for

3

further review.   If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED